PER CURIAM. Under the question at folio 16 of the record, the physician was called upon to testify to the fact which the jury was impaneled to decide. He should have been asked a hypothetical question, and the jury could have considered his opinion upon that issue. There is no evidence by the expert, sufficiently explicit, to connect the flowing and pains as direct results of the injury. That testimony should have been excluded by the learned court below, especially as it appeared undisputed that the plaintiff had long suffered from a tumor, which well may have induced those ailments. Judgment reversed, and new trial ordered, with costs to abide event.

TURNER, Respondent, v. SHERIDAN, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by William Turner against Theresa A. S. Sheridan. A. J. Martin, for appellant. E. Swann, for respondent.

PER CURIAM. The verdict of the jury decided upon conflicting evidence that the original note was given by defendant for her own benefit. No reason appears for interference with that verdict, which disposes of the defendant's legal contention founded upon the New Jersey statute. Judgment (68 N. Y. Supp. 1124) affirmed, with costs.

TWELFTH WARD BANK, Respondent, v. ROGERS, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by the Twelfth Ward Bank against James Rogers. Earley & Prendergast (Martin J. Earley, of counsel), for appellant. Charles W. Dayton, for respondent.

PER CURIAM. It seems from the testimony that the defendant received full consideration for his original indorsement. Upon renewal of the note he sought to show an agreement with plaintiff's president that he should be held harmless upon his renewal indorsement. This fact is doubtful; but, even if existent, it could not affect the plaintiff's rights, as its president had no power to release its debtor from liability, without consideration. Judgment (68 N. Y. Supp. 393) affirmed, with costs.

TYNG v. AMERICAN SURETY CO. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Action by Thomas M. Tyng against American Surety Company. No opinion. Motion denied on payment of $10 costs, and, on payment of $10 additional, leave given to court below to open default.

ULLO, Appellant, v. WHITE et al., Respondents. (Supreme Court, Appellate Division, Second Department. October 24, 1901.) Action by Clara J. Ullo against William De Courcy White and others. No opinion. Judgment affirmed, with costs.

VAN ARSDALE, Appellant, v. BINGHAM, Respondent. (Supreme Court, Appellate Division, Second Department. October 24, 1901.) Action by William E. Van Arsdale against Charles Bingham. No opinion. Judgment and order unanimously affirmed, with costs.

VEDDER et al., Appellants, v. LEAMON, Respondent. (Supreme Court, Appellate Division, Third Department. September 13, 1901.) Action by William H. Vedder, Albert G. Vedder, and Olin S. Luffman against Harvey Leamon. No opinion. Appeal dismissed, with $10 costs and disbursements.

VILLAGE OF CHAMPLAIN, Respondent, v. McCREA et al., Appellants. (Supreme Court, Appellate Division, Third Department. September 4, 1901.) Action by the village of Champlain against Matilda McCrea and Emmett M. Fitch. No opinion. Motion for reargument granted, without costs.

KELLOGG, J., not sitting.

VILLAGE OF CHAMPLAIN, Respondent, v. McCREA et al., Appellants. (Supreme Court, Appellate Division, Third Department. September 4, 1901.) Action by the village of Champlain against Matilda McCrea and Emmett M. Fitch. No opinion. Appeal from judgment dismissed, with $10 costs and disbursements.

KELLOGG, J., not sitting.

VILLAGE OF CHAMPLAIN, Respondent, v. McCREA et al., Appellants. (Supreme Court, Appellate Division, Third Department. September 4, 1901.) Action by the village of Champlain against Matilda McCrea and Emmett M. Fitch. No opinion. Order affirmed, with $10 costs and disbursements.

KELLOGG, J., not sitting.

VINCENT, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Myra Vincent against the Metropolitan Street Railway Company. H. A. Robinson (G. Glenn Worden, of counsel), for appellant. H. Gottlieb, for respondent.

PER CURIAM. The plaintiff's testimony, wholly uncorroborated, is flatly contradicted by the evidence of three disinterested witnesses, and in addition that of the motorman and conductor. The verdict, therefore, is manifestly against the weight of evidence. Judgment reversed, and new trial ordered, with costs to abide event.

VON WILMOWSKY, Respondent, v. VON WILMOWSKY, Appellant. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) Action by Felix Von Wilmowsky against Edwin F. Von Wilmowsky. No opinion. Judgment affirmed by default, with costs.